IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW PAUL LEONARD<br>379 West Street, Suite 4A<br>New York, NY 10014<br>    Plaintiff | ) <br> ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | Civil Action No.    1:15-CV-185 |
| STEMTECH INTERNATIONAL, INC<br>2010 NW 150th Avenue<br>Pembroke Pines, FL 33028 | ) <br> ) <br> ) <br> ) | JURY TRIAL DEMANDED |
| and | ) <br> ) | |
| EJ MORRIS<br>13158 W 26th Street, #201<br>Erie, PA 16508<br>    Defendants | ) <br> ) <br> ) <br> ) | FILED ELECTRONICALLY |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Andrew Paul Leonard hereby brings this Complaint against Defendants Stemtech

International, Inc. and EJ Morris, and in support thereof states as follows:

### Nature of the Action

1.      This is an action arising under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*,

and the common law, for Defendants' unlawful copying and use of Mr. Leonard's copyright-

protected images.

### The Parties

2.      Mr. Leonard is an adult individual who resides in New York.

3.     Upon information and belief, Defendant, Stemtech is a corporation organized and existing under the laws of Delaware with its principal place of business at 2010 NS 150th Avenue, Pembroke Pines, Florida 33028. Stemtech has offices worldwide.

4.     Upon information and belief, Defendant EJ Morris is a resident of Pennsylvania with his residence located at 13158 W 26t Street, #201, Erie, Pennsylvania 16508.

## Jurisdiction and Venue

5.     The exclusive jurisdiction of this Court exists pursuant to 28 U.S.C. § 1338(a). The jurisdiction of this court similarly exists based on the federal question presented in this case pursuant to 28. U.S.C. § 1331.

6.     The jurisdiction of this Court also exists based on the diversity of citizenship of the parties under 28 U.S.C. § 1332, as this case involves a dispute between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7.     This Court may assert personal jurisdiction over Defendant EJ Morris because he is a Pennsylvania resident.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## Facts

9.     Mr. Leonard is highly skilled in the creating of microscopic photography.  His images are unique and highly desirable, particularly to the medical, pharmaceutical, and research industries.

10.     In or about 2001, Leonard created an image entitled Bone Marrow Stem Cells Image 1 ("Image"). The Image is attached hereto as <u>Exhibit A</u>. Leonard is the sole owner and proprietor of all rights, title, and interest in and to the Images.

11.     The Image was created by Leonard and contain features wholly original and copyrightable under the laws of the United States. Leonard complied in all respects with Title 17, U.S.C. § 102, et seq., and all other laws governing federal copyrights, and secured the exclusive rights and privileges in and to the copyright of the Images and received from the Register of Copyrights Certificate of Copyrights No. U.S. Copyright Office Registration No. VA 1-426-179, dated December 20, 2007. A copy of the Certificate is attached hereto as <u>Exhibit B</u>.

12.     Defendant Stemtech is a multi-level marking company ("MLM") through which distributors sell Stemtech's StemEnhance and other products..

13.     EJ Morris is an independent distributor of Stemtech's products and has a Stemtech assigned distributer identification number of 1645301.

14.     Defendants Stemtech and Morris willfully infringed said copyright by using, copying, and displaying the Image on its Internet websites, in publications without authorization. At least as early as May 10, 2014 until the present, the Image appears on the following Internet websites without permission:   https://ejmorris.wordpress.com/2014/05/page/3/

15.     In fact, this is not the first time Stemtech has infringed on Mr. Leonard's copyrights.

16.     In 2008, a case was filed against Stemtech in the United States District Court for the District of Delaware, Case No.: 08-00067, for Stemtech's infringement of two other similar images, both which were copyrighted by Mr. Leonard.

17.     In the above mentioned case, Mr. Leonard received a $1.6 million jury verdict.

18.     The foreseeable result of Defendants' currently wrongful conduct has been to deprive Mr. Leonard, once again, of the enjoyment of his exclusive rights in and to the copyrighted work.

## COUNT I
## STATUTORY COPYRIGHT INFRINGEMENT

19.     Mr. Leonard incorporates the allegations of paragraphs 1 through 18 of this complaint as if fully alleged herein.

20.     Defendants Stemtech and Morris willfully infringed said copyright by using, copying, and displaying the Image on its Internet websites, in publications without authorization. At least as early as May 10, 2014 until the present, the Image appears on the following Internet websites without permission:   https://ejmorris.wordpress.com/2014/05/page/3/

21.     Defendants did not obtain a license for use of the Image and failed to give proper attribution or notice of the true ownership rights in the copyrighted work.

22.     Defendants Stemtech and Morris have benefitted from this infringement and Mr. Leonard has suffered damages to its good will and reputation as well as monetary damages as a result of Defendants' infringing activities, the extent of which are not able to be determined at this time.

23.     Defendants' actions constitute breach of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, for innocent and willful violation of Mr. Leonard's registered copyright resulting in harm to Mr. Leonard.

24.     Mr. Leonard is further entitled to recover damages from Defendants for Mr. Leonard's actual damages and any additional profits of Defendants under 17 U.S.C. § 504(a)(1) or, in the alternative, is entitled to an award of statutory damages under 17 U.S.C. §504(c)(2).

25.      Mr. Leonard is entitled to enhanced damages under 17 U.S.C. §504(c)(2) for willful infringement.

26.      Mr. Leonard is further entitled to recover the costs of bringing this action and attorney's fees under 17 U.S.C. §505.

27.      Mr. Leonard is entitled to such other and further relief as is deemed to be just and proper.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

28.      Mr. Leonard incorporates the allegations of paragraphs 1 through 27 of this complaint as if fully alleged herein.

29.      Defendant Stemtech develops marketing materials and Internet sites located at www.stemtechbiz.com, www.stemtechhealth.com and www.stemtech.com, among others, for its own use and for use by its independent distributors.  Stemtech provides these materials and websites to its independent distributors, like Defendant Morris.

30.      Stemtech offers its independent distributors, like EJ Morris, add-ons to distributor-owned websites Stemtech-branded modules entitled "Stemtech Wealthbuilder's System" and "Priceless Possibilities" to increase revenue to the company.

31.      Defendant provides these materials and web sites to its independent distributors pursuant to Stemtech's "Policies and Procedures" and "Business Development System Training Manual."  Specifically, the "Policies and Procedures" mandates that distributors, like Defendant Morris, desiring to use an Internet web page to promote the products *must* do so through Stemtech's official web site, using official STEMTech replicated templates.      Stemtech's "Business

Development System Training Manual" encourages independent distributors, like Defendant Morris, to use the web site for business development purposes.

32.   Mr. Leonard's Image has been and continues to be used, displayed and distributed without permission on a web site located at  https://ejmorris.wordpress.com/2014/05/page/3/ . Upon information and belief, this website is owned and operated by Defendant Morris.

33.   Defendant Stemtech materially contributed to this third party infringement by knowingly making Mr. Leonard's Image available for the purpose of promoting Stemtech's StemEnhance and other products and encouraging Defendant Morris to access and use the Images to develop sales of these products.

34.   Defendant Stemtech knew that Mr. Morris was directly infringing and continues to directly infringe on the Image.

35.   Defendant Stemtech benefitted from contributorily infringing on Mr. Leonard's rights in his Image and Mr. Leonard has suffered damages to its good will and reputation as well as monetary damages as a result of Defendant Stemtech's infringing activities, the extent of which are not able to be determined at this time.

## COUNT III
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

36.   Mr. Leonard incorporates the allegations of paragraphs 1 through 35 of this complaint as if fully alleged herein.

37.   Mr. Leonard's Image has been and continues to be used, displayed and distributed without permission on a web site located at  https://ejmorris.wordpress.com/2014/05/page/3/ . Upon information and belief, this site is owned and operated by Defendant Morris.

38.     Defendant Stemtech has the right and ability to supervise the infringing activity yet did not remove the Image from its marketing materials and web sites.  Rather, Defendant provided and continues to provide the Image to its distributors, specifically Defendant Morris, and encourage their use in connection with promoting its StemEnance and other products.

39.     Defendant Stemtech has a direct financial interest in the use of the Image by Mr. Morris using it on his web site.

40.     Mr. Leonard has suffered harm to his reputation and goodwill as well as monetary damages as a result of Defendants' infringing activities, the extent of which is not able to be determined at this time.

## COUNT IV
## VICARIOUS INFRINGEMENT

41.     Mr. Leonard incorporates the allegations of paragraphs 1 through 40 of this complaint as if fully alleged herein.

42.     Mr. Leonard's Image has been and continues to be used, displayed and distributed without permission on a web site located at  https://ejmorris.wordpress.com/2014/05/page/3/ . Upon information and belief, this site is owned and operated by Defendant Morris.

43.     Defendant Morris' use was not removed.  As of the date of this filing Defendant Morris is still infringing on causing Mr. Leonard continuous damages.

44.     Defendant Morris knows that the Image did not belong to him and took the Image anyway.  In fact, Defendant Morris was encouraged to use the Image in connection with promoting its StemEnance and other products.

45.     In fact Mr. Morris was scheduled for a deposition in the last lawsuit and is well-aware of the misuse of Mr. Leonard's images.

46.     Defendant Mr. Morris has a direct financial interest in the use of the Image using it on his web site.

47.     Mr. Leonard has suffered harm to his reputation and goodwill as well as monetary damages as a result of Defendant Morris' infringing activities, the extent of which is not able to be determined at this time.

WHEREFORE, Mr. Leonard prays for judgment as follows:

A.     That Defendants Stemtech and Morris, their agents, servants, employees, assigns, attorneys, representatives, and successors, and all persons in active concert or participation with it, be permanently enjoined from the infringing the copyright of Mr. Leonard in any manner;

B.     That Defendants be required to pay to Mr. Leonard such damages as Mr. Leonard has sustained as a consequence of Defendants' willful infringement of Mr. Leonard's copyright and to account for all gains, profits and advantages derived by Defendants, or for statutory damages;

C.     That Defendants pay to Mr. Leonard the costs of this action and that reasonable attorney's fees be allowed by this Court pursuant to 17 U.S.C. §505; and

D.     For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Mr. Leonard hereby demands a trial by jury on all counts.


Respectfully submitted,


 /s/ *Matthew W. Fuchs*
Matthew Fuchs
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, #700
Erie, Pennsylvania 16507
814-870-7600
814-454-4647 (fax)
mfuchs@mijb.com



 /s/ *Jan I. Berlage*
Jan I. Berlage
(*Pro Hac Vice* pending)
Ryan A. Notton
(*Pro Hac Vice* pending)
GOHN HANKEY STICHEL & BERLAGE, LLP
201 N. Charles, Suite 2101
Baltimore, Maryland 21201
(410) 752-9300
(410) 752-2519 (fax)
JBerlage@ghsllp.com

Attorneys for Plaintiff,
   Andrew Leonard